# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RUZBARSKY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.: 2:21-cv-01329-JS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANSUNION, LLC, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

---

## DEFENDANT USAA SAVINGS BANK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

---

Defendant USAA Savings Bank ("USAA"), and through its undersigned counsel, hereby Answers the Complaint (the "Complaint") of Plaintiff Michael Ruzbarsky ("Plaintiff") and sets forth its Affirmative Defenses as follows:

### AS TO PRELIMINARY STATEMENT

1.     In response to Paragraph 1 of the Complaint, USAA admits that Plaintiff purports to bring this action, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), against USAA, but denies that USAA violated the FCRA and denies that Plaintiff is entitled to any relief whatsoever from USAA. USAA denies any remaining allegation not specifically admitted herein.

### AS TO JURISDICTION AND VENUE

2.     In response to Paragraph 2 of the Complaint, the allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, USAA does not deny that the Court retains jurisdiction over this matter.

3.      In response to Paragraph 3 of the Complaint, the allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, USAA does not deny that venue is appropriate.

## AS TO PARTIES

4.      In response to Paragraph 4 of the Complaint, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, they are denied.

5.      In response to Paragraph 5 of the Complaint, the allegations are directed against another party, and therefore, no response is required. To the extent a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, they are denied.

6.      In response to Paragraph 6 of the Complaint, the allegations are directed against another party, and therefore, no response is required. To the extent a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, they are denied.

7.      In response to Paragraph 7 of the Complaint, the allegations are directed against another party, and therefore, no response is required. To the extent a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, they are denied.

8.      In response to Paragraph 8 of the Complaint, USAA admits only that it has offices located in San Antonio, Texas and that it does business in the Eastern District of Pennsylvania. The remaining allegations of Paragraph 8 are conclusions of law to which no response is required, to the extent that a response is required, the allegations are denied.

9.      In response to Paragraph 9 of the Complaint, the allegations are directed against another party, and therefore, no response is required. To the extent a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, they are denied.

## AS TO THE PURPORTED FACTUAL ALLEGATIONS

10.      In response to Paragraph 10 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

11.      In response to Paragraph 11 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

12.      In response to Paragraph 12 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

13.      In response to Paragraph 13 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

14.      In response to Paragraph 14 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party

other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

15.     In response to Paragraph 15 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

16.     In response to Paragraph 16 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

17.     In response to Paragraph 17 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

18.     In response to Paragraph 18 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

19.     In response to Paragraph 19 of the Complaint, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, they are denied.

20.     In response to Paragraph 20 of the Complaint, the allegations are directed against parties other than USAA, and therefore no response is required. To the extent that a response is

required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, they are denied.

21.     In response to Paragraph 21 of the Complaint, the allegations are directed against parties other than USAA, and therefore no response is required. To the extent that a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, they are denied.

22.     In response to Paragraph 22 of the Complaint, the allegations are directed against parties other than USAA, and therefore no response is required. To the extent that a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, they are denied.

23.     In response to Paragraph 23 of the Complaint, the allegations are directed against parties other than USAA, and therefore no response is required. To the extent that a response is required, USAA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, they are denied.

24.     In response to Paragraph 24 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

25.     In response to Paragraph 25 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

26.     In response to Paragraph 26 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

27.     In response to Paragraph 27 of the Complaint, the allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

28.     In response to Paragraph 28 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

## AS TO COUNT I

29.     USAA incorporates its responses to the foregoing paragraphs as if fully set forth herein.

30.     In response to Paragraph 30 of the Complaint, the allegations are directed against parties other than USAA, and therefore no response is required. To the extent that a response is required, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 30 not specifically admitted herein.

31.     In response to Paragraph 31 of the Complaint, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are

inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 31 not specifically admitted herein.

32.     In response to Paragraph 32 of the Complaint, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 32 not specifically admitted herein.

33.     In response to Paragraph 33 of the Complaint, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 33 not specifically admitted herein.

34.     In response to Paragraph 34 of the Complaint, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 34 not specifically admitted herein.

## AS TO COUNT II

35.     USAA incorporates its responses to the foregoing paragraphs as if fully set forth herein.

36.     In response to Paragraph 36 of the Complaint, USAA avers that the 15 U.S.C. §1681, *et. seq.*, is a statute which speaks for itself and to the extent that these allegations are inconsistent with a true and accurate content of the statute, USAA denies the allegations. USAA denies any remaining allegations in Paragraph 36 not specifically admitted herein.

37.     In response to Paragraph 37 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party

other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

38.    In response to Paragraph 38 of the Complaint, to the extent the allegations are directed against USAA, they are denied. To the extent the allegations are directed against a party other than USAA, USAA lacks knowledge or information sufficient to form a belief as to the allegations, and therefore, they are denied.

## AS TO JURY DEMAND

Plaintiff request is not a factual allegation requiring a response.

## AS TO PRAYER FOR RELIEF

USAA denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause; denies that it violated the FCRA; and denies that Plaintiff is entitled to any relief, whatsoever, from USAA. USAA further denies any remaining allegations contained in the Complaint, not specifically admitted herein.

## AFFIRMATIVE DEFENSES

USAA for its affirmative defenses states:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claim against USAA may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

3.    Plaintiff's claim against USAA may be barred, in whole or in part, by the provisions of the contractual agreements between the parties.

4.    Plaintiff has ratified or consented to the actions and conduct of USAA.

5.    Plaintiff cannot recover from USAA to the extent that any damages that Plaintiff may have suffered, which USAA continues to deny, were a direct and proximate result of Plaintiff's own acts and/or omissions.

6.      If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by USAA.

7.      If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff or of third parties, and not USAA.

8.      Plaintiff's claims are subject to a valid, enforceable and mandatory arbitration agreement between the parties requiring arbitration of Plaintiff's claims.

9.      Plaintiff's claims may be barred in whole or in part because the Plaintiff has suffered no actual concrete injury and therefore has no standing to bring a statutory claim.

10.      Any alleged acts or omissions of USAA giving rise to the claims of Plaintiff, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by USAA.  USAA, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

11.      Plaintiff has failed, in whole or in part, to mitigate Plaintiff's alleged damages.

12.      USAA specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

13.      USAA met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to USAA.

14.      Conditions precedent, which may have given rise to a duty to act or liability on the part of USAA, did not arise.

15.     USAA incorporates by reference any affirmative defenses set forth by co-defendants as if fully set forth herewith.

16.     USAA reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, on each of Plaintiff's claims, USAA respectfully requests judgment in its favor and against Plaintiff; an order dismissing the Complaint with prejudice and awarding USAA's costs of suit, including attorneys' fees; and that the Court grant USAA all other relief the Court may deem just and equitable.

DATED:  September 30, 2021                    **HOLLAND & KNIGHT LLP**

By: s/*Jonathan M. Marmo*
Jonathan M. Marmo (412669)
2929 Arch Street
Philadelphia, PA 19104
Tel: (516) 395-1230
jonathan.marmo@hklaw.com

*Attorneys for Defendant*
*USAA Savings Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 30, 2021 a true and correct copy of the foregoing has

been filed electronically using the CM/ECF filing system and served on all counsel of record.

*<u>Jonathan M. Marmo</u>*
Jonathan M. Marmo
